# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Def. I.D. # 1808014637
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
RUSSELL J. HURST, JR.,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Petitioner/Defendant.⠀⠀)

Submitted: October 12, 2020

Decided:  November 20, 2020

*Upon Petitioner's Motion for Postconviction Relief (R-1)*

**DENIED**

## MEMORANDUM OPINION AND ORDER

Russell J. Hurst, Jr., SBI# 00027773, Sussex Correctional Institution, Box 500, Georgetown, DE 19947; Petitioner/Defendant.

Derek G. Gay, Deputy Attorney General, Department of Justice, 114 East Market Street, Georgetown, DE 19947; Attorney for State of Delaware.

**KARSNITZ, J.**

## I.  INTRODUCTION

On June 15, 2020, Russell J. Hurst, Jr. ("Petitioner," "Defendant," or "Hurst") filed a timely Motion for Postconviction Relief (the "Rule 61 Motion"). The Rule 61 Motion stated five grounds for relief. This is my ruling on the Rule 61 Motion.

## II.  BACKGROUND

On July 15, 2019, I accepted a guilty plea from Petitioner to one charge: Drug Dealing Tier 2 (Heroin) with Aggravating Factors. I held a full and complete colloquy with Petitioner and Trial Counsel as to whether Petitioner was entering his plea knowingly, intelligently and voluntarily. Petitioner stated that he had reviewed the plea agreement and the truth-in-sentencing form with Trial Counsel, with whose representation he was satisfied, and that he understood the legal consequences of his guilty plea, including the waiver of certain constitutional rights.

On July 15, 2019, Petitioner was sentenced as follows: 25 years of incarceration; after serving 3 years and 6 months at Level 5, balance of sentence suspended for 6 months at Level 3 with GPS; hold at Level 5 until space is available at Level 4 work release; hold at Level 4 work release until space is available at Level 3 GPS, with Level 3 probation concurrent with any Level 3 probation now serving.

1

Over the course of the next year, Petitioner filed seven Motions for Modification of Sentence and a Motion for Modification of Sentence/Extraordinary Circumstances with this Court. I denied all eight of these Motions. On August 5, 2020, Petitioner filed a Notice of Appeal with the Delaware Supreme Court with respect to my denials of these Motions. On October 12, 2020, the Supreme Court dismissed the appeal for Petitioner's failure to pay the Supreme Court filing fee or to file a motion to proceed *in forma pauperis*, and for failure to respond to the Supreme Court's notice to show cause. Thus, the Rule 61 Motion is now ripe for adjudication.

### III. GROUNDS FOR RELIEF

Petitioner states five grounds for postconviction relief, which I summarize as follows:

I. The search and seizure of certain evidence from Petitioner's vehicle were illegal under the Fourth Amendment, as incorporated into the Fourteenth Amendment, to the United States Constitution.

II. Petitioner's guilty plea was involuntary under the Fifth Amendment, as incorporated into the Fourteenth Amendment, to the United States Constitution.

III. Petitioner's constitutional rights were violated because of racial animus towards black people.

IV. Petitioner seeks an investigation into his case to show the inequity of the justice system in Sussex County, Delaware to black people.

2

V.    Petitioner's personal family situation and inability to afford a lawyer exacerbate the need to grant relief under Grounds I, II, III and IV.

## IV.    PROCEDURAL BARS UNDER RULE 61(i).

Before addressing the merits of the Rule 61 Motion, I first address the four procedural bars of Superior Court Criminal Rule 61(i).[1] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[2] Under the Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, failure to raise claims earlier in the proceedings, or former adjudication.[3]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final.[4] Since Petitioner filed his Rule 61 Motion within this one-year period, this bar does not apply.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.5 Since this is Petitioner's first Rule 61 Motion, this bar does not apply.

---

[1] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).

[2] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[3] Super. Ct. Crim. R. 61(i).

[4] Super. Ct. Crim. R. 61(i)(1).

[5] Super. Ct. Crim. R. 61(i)(2).

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief" and "prejudice from [the] violation."[6]  Ground III (racial animus), Ground IV (inequity of justice system) and Ground V (exacerbating circumstances) assert grounds for relief not previously asserted in the proceedings.  In order to overcome the procedural bar of Rule 61(i)(3), Petitioner must show (1) cause for relief from the procedural default, and (2) prejudice from the violation of his rights.  A showing of cause is not satisfied by merely showing that a claim was not raised.  Petitioner must show that "some external impediment" prevented him from raising the claim.[7]  To demonstrate prejudice, Petitioner must show that a "substantial likelihood" exists that if the issue had been raised on appeal, the outcome would have been different.[8]  Petitioner makes neither showing in this case.  Thus, Grounds III, IV and V are deemed waived and are procedurally barred.

Fourth, grounds for relief formerly adjudicated in the case are barred.[9]  In this case, Ground I (illegal search and seizure) and Ground II (involuntary guilty plea) have both already been adjudicated in this case, as discussed below.

[6] Super. Ct. Crim. R. 61(i)(3).
[7] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[8] *Flamer v. State*, 585 A.2d 736, 748 (Del. 1990).
[9] Super. Ct. Crim. R. 61(i)(4).

4

**Ground I – Illegal Search and Seizure**

Trial Counsel represented Petitioner effectively and zealously with respect to this issue. She first filed a Motion to Suppress with the Court, challenging the search of Petitioner's vehicle and the seizure of evidence from that vehicle. She filed a fulsome brief in support of her motion, as did the State. I held a full evidentiary hearing and oral argument on the constitutional issues. All of this is in the record. When I denied Petitioner's motion, Trial Counsel filed a Motion for Reconsideration with the Court. When I denied that motion as well, the case moved forward towards trial. The issue of illegal search and seizure was certainly preserved for direct appeal to the Delaware Supreme Court had Petitioner chosen to proceed to trial. I continue to stand by my denials of the Motion to Suppress and the Motion to Reconsider, and Petitioner has presented no new or additional evidence whatsoever on the issue of search and seizure, but merely his conclusory statement that I wrongly decided the motions. I decline to allow Petitioner to relitigate the motions.

**Ground II – Involuntary Guilty Plea**

Petitioner chose to enter a guilty plea, which he now challenges as having been forced upon him by the State, which threatened to seek habitual offender status if he did not plead guilty, with the acquiescence of this Court. However, Petitioner has presented no new or additional evidence whatsoever on the involuntary nature of his

5

guilty plea, but merely his conclusory statement that the State forced him to plead guilty by threatening him with habitual offender status, in which coercion he alleges I participated.

As stated above, I held a full and complete colloquy with Petitioner and Trial Counsel as to whether Petitioner was entering his plea knowingly, intelligently and voluntarily. Petitioner stated that he had reviewed the plea agreement and the truth-in-sentencing form with Trial Counsel, with whose representation he was satisfied, and that he understood the legal consequences of his guilty plea, including the waiver of certain constitutional rights.

Petitioner does not argue the plea was not thoroughly discussed with Trial Counsel.[10] Further, he does not contend that Trial Counsel failed to provide him with the necessary information to enter a knowing plea. "A defendant's statements to the Court during a plea colloquy are presumed to be truthful, and pose a 'formidable barrier in any subsequent collateral proceedings.' "[11] It is well-settled that in the absence of clear and convincing evidence to the contrary, a defendant is bound by the statements made during the plea colloquy and by his representations on the Truth-

---

[10] *Foote v. State*, 38 A.3d 1254 (Del. 2012) (citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988)), at *1 ("The transcript of Foote's guilty plea colloquy reflects that he confirmed that he thoroughly discussed his plea with his attorney and was satisfied with the advice he received. In the absence of clear and convincing evidence to the contrary, Foote is bound by those representations.").
[11] *State v. Rogers*, 2019 WL 2153312, at *2 (Del. Super. Ct. May 15, 2019) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).

in-Sentencing Guilty Plea Form.[12] "When a defendant enters a guilty plea knowingly and voluntarily, he gives up his trial rights, including the right to challenge the evidence against him. Moreover, a knowing and voluntary guilty plea waives any objection to alleged errors and defects that occur before entry of the plea, even those of a constitutional dimension."[13]

I continue to stand by my finding that Petitioner's guilty plea was knowing, intelligent and voluntary. I decline to allow Petitioner to relitigate that finding.

Finally, the four procedural bars do not apply either to a claim that the Court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[14] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[15] Petitioner does not claim that he has new evidence that creates an inference of his actual innocence, or that a new retroactively applied rule of constitutional law renders his conviction invalid.

Thus, the procedural bars under Rule 61 apply to all Grounds -- I, II, III, IV and V -- in this case, and I will not address the merits of Petitioner's postconviction claim.

---

[12] *State v. Snell*, 2020 WL 5759141, at *2 (Del. Super. Ct. Sept. 28, 2020).
[13] *State v. Rogers, supra,* at *2.
[14] Super. Ct. Crim. R. 61(i)(5).
[15] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

7

## V.    CONCLUSION

Since it plainly appears to me from the Rule 61 Motion and the record of prior proceedings in this case that Petitioner is not entitled to relief, I am entering an order for its summary dismissal[16] and causing Petitioner to be so notified. Given the clarity of the record, I am not ordering a response from the State,[17] an expansion of the record (including affidavits from Trial Counsel),[18] or an evidentiary hearing.[19]

Petitioner Russell J. Hurst, Jr.'s Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

_____
Craig A. Karsnitz

2020 NOV 20 P 12:49

FILED PROTHONOTARY
SUSSEX COUNTY

cc:  Prothonotary

---

[16] Super. Ct. Crim. R. 61(d)(5).
[17] Super. Ct. Crim. R. 61(f).
[18] Super. Ct. Crim. R. 61(g).
[19] Super. Ct. Crim. R. 61(h).